UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 10172 RGS

DANIEL BUBB,
    Plaintiff,

v.

DAVID B. HORTON, and
SEAFOOD SERVICES, INC. d/b/a
MACLEAN'S SEAFOOD
    Defendants.

CIVIL ACTION NO.:

### PLAINTIFF'S COMPLAINT

Plaintiff, Daniel Bubb by way of Complaint against the Defendant says:

#### PARTIES

1. Plaintiff, Daniel Bubb (hereinafter Bubb) is an individual who resides at 41 Clinton Avenue, St. James, New York.

2. Defendant, David B. Horton (hereinafter Horton), is an individual residing at 128 Converse Road, Marion, Massachusetts 02738.

3. Seafood Services, Inc. d/b/a Maclean's Seafood (hereinafter Seafood Services) is a Massachusetts corporation with a principal place of business located at 10 North Front Street, New Bedford, Massachusetts 02740.

#### JURISDICTION AND VENUE

4. Plaintiff bring this suit against the Defendant vessel under the provisions of 28 U.S.C. s.1332, as the Plaintiff and the Defendant are from different states and the amount in controversy exceeds $75,000.00.

5. Venue lies within this District under the provisions of 28 U.S.C. s.1391.

#### FACTS

6. Plaintiff was the President of Danny's Fishco, Inc., a New York corporation with a principal place of business located at 41 Clinton Avenue, St. James, NY. Plaintiff is the successor in interest to Danny's Fishco, Inc.

7. Danny's Fishco, Inc. was a business that bought fish, primarily Tuna and Swordfish, from fishing boats and then sold said fish to various larger seafood distributors nationally and internationally.

Complaint

8. Defendant Horton is the President of the Defendant, Seafood Services.

9. Defendant Seafood Services is a large seafood processing and packaging facility.

10. Plaintiff Bubb at all time relevant hereto had the ability to acquire and sell to Horton and Seafood Services, Inc. large volumes of fresh, saleable fish to process.

11. In June of 1999, the parties entered into a verbal agreement whereby the Plaintiff would supply the Defendants with fresh saleable fish and the Defendants would pay Plaintiff and Danny Fishco $0.15 per pound of fish.

12. As additional consideration for the Plaintiff to supply the Defendants with fresh fish, the Defendant agreed not to pursue any of the Plaintiff's or Danny Fishco's suppliers directly.

13. In the event the Defendants did deal directly with a supplier of the Plaintiff's or Danny Fishco, the Defendants agreed to pay Plaintiff and Danny Fishco $0.25 per pound from such fish caught.

14. The Plaintiff and Danny Fishco supplied the Defendants with 1,200,000 pounds of fish for which they have not been paid.

15. Upon information and belief, the Defendants have purchased fish directly from the Plaintiff's and Danny Fishco's suppliers and have not paid Plaintiff or Danny Fishco their share of said fish.

## COUNT I

16. Plaintiff Bubb restates and realleges paragraphs 1 through 15 as if fully set forth herein.

17. The Defendants breached the terms of the verbal agreement with the Plaintiff in that they:

    a. failed to pay for fish supplied despite repeated demand;
    b. intentionally interfered with Plaintiff's suppliers in direct violation of the terms of the verbal agreement; and
    c. breached the agreement in other ways that will be demonstrated at trail.

18. As a result of the Defendants' breach of the verbal agreement, the Plaintiff has suffered substantial losses.

Complaint

## COUNT II

19. Plaintiff Bubb restates and realleges paragraphs 1 through 15 as if fully set forth herein.

20. The Defendants have intentionally interfered with the Plaintiff's business relationships.

21. As a result of the Defendants' actions, the Plaintiff has lost numerous suppliers and incurred significant financial losses.

## COUNT III

22. Plaintiff Bubb restates and realleges paragraphs 1 through 15 as if fully set forth herein.

23. The Defendants refusal to pay for fish supplied without explanation constitutes unfair and deceptive trade practices which are knowing and willful.

24. As a result of the Defendants' actions, the Plaintiff has suffered a financial loss in excess of $250,000.00.

WHEREFORE the Plaintiff prays:

1. That judgment be entered in favor of Plaintiff against the aforesaid Defendants for the amount of Plaintiff's damages, together with interest, costs, expenses, fees and attorney fees;

2. Award the Plaintiff his attorneys fees costs and multiple damages for Defendants' violations of M.G.L. c.93A; and

2. That this Court will grant the plaintiff such other and further relief as may be just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES**

Respectfully submitted,
**Daniel Bubb**
By its attorney

Dated: January 26, 2004

Stephen M. Ouellette, Esquire
BBO No.: 543752
David S. Smith, Esquire
BBO No.: 634865
Cianciulli and Ouellette
163 Cabot Street
Beverly, MA 01915
Tel: (978) 922-9933
Fax: (978) 922-6142

Complaint