UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case Number <u>04-10172-RGS</u>

| | |
|---|---|
| **Daniel Bubb,** | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) Defendants' Answer and Counterclaim |
| | ) |
| **David B. Horton and** | ) |
| **Seafood Services, Inc.** | ) |
| **d/b/a MacLean's Seafood,** | ) |
| Defendants. | ) |

Now come the Defendants, **David B. Horton and Seafood Services, Inc. d/b/a Mac-Lean's Seafood**, and answer the Plaintiff's Complaint as follows:

1. Defendants lack knowledge or information with which to either admit or deny the allegation contained in Paragraph 1 of Plaintiff's Complaint, and therefore, call upon the Plaintiff to prove the same.

2. Admit.

3. Admit.

4. Defendant is not a vessel. Both Defendants admit that they are individual or corporate residents of the Commonwealth of Massachusetts. Both Defendants further admit that the amount in controversy exceeds $75,000. All other allegations contained in Paragraph 4 of Plaintiff's Complaint are denied.

5. Paragraph 5 of Plaintiff's Complaint is a conclusion of law and does not require a responsive pleading.

6. Defendants lack knowledge or information with which to either admit or deny the allegation contained in Paragraph 6 of Plaintiff's Complaint, and therefore, call upon the Plaintiff to prove the same.

7. Defendants lack knowledge or information with which to either admit or deny the allegation contained in Paragraph 7 of Plaintiff's Complaint, and therefore, call upon the Plaintiff to prove the same.

8. David B. Horton is the President of Seafood Services, Inc.

9. Seafood Services, Inc. is a seafood processing and packaging facility. The term "large" however, can neither be admitted nor denied as it is ambiguous.

10. Defendants lack knowledge or information with which to either admit or deny the allegation contained in Paragraph 10 of Plaintiff's Complaint, and therefore, call upon the Plaintiff to prove the same.

11. Deny.

12. Deny.

13. Deny.

14. Deny.

15. Deny.

### Count I

16. Defendants restate and reaver the answers contained in Paragraphs 1 through 15 of this Answer and incorporates the same by reference as if fully set forth herein.

17. Deny.

18. Deny.

### Count II

19. Defendants restate and reaver the answers contained in Paragraphs 1 through 15 of this Answer and incorporates the same by reference as if fully set forth herein.

20. Deny.

21. Deny.

### Count III

22. Defendants restate and reaver the answers contained in Paragraphs 1 through 15 of this Answer and incorporates the same by reference as if fully set forth herein.

23. Deny.

24. Deny.

**Wherefore**, Defendants, **David B. Horton** and **Seafood Services, Inc. d/b/a MacLean's Seafood**, pray that this Court dismiss Plaintiff's Complaint and enter Judgment in Defendants' favor as to Counts I, II and III, and award the Defendants their reasonable costs, fees and expenses incurred in connection with the defense thereof, together with such other relief as this Court may deem just and appropriate.

### First Affirmative Defense

Plaintiff's complaint should be dismissed for failure to state a claim for which relief can be granted.

### Second Affirmative Defense

Plaintiff's complaint should be dismissed for insufficiency of process.

### Third Affirmative Defense

Plaintiff's claims are barred by statute of limitations.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches.

### Fifth Affirmative Defense

Plaintiff's claims are barred by statute of frauds.

### Sixth Affirmative Defense

Plaintiff has waived his claims against the defendants.

### Seventh Affirmative Defense

Plaintiff is estopped by his conduct from claiming damages.

### Eighth Affirmative Defense - Conduct

Plaintiff's claims are barred by the Plaintiff's conduct.

### Ninth Affirmative defense - Estoppel

Plaintiff is barred from recovery under the doctrine of estoppel.

## COUNTERCLAIM

1. Plaintiff in Counterclaim, **Seafood Services, Inc.**, is a Massachusetts business corporation organized and validly operating under the laws of the Commonwealth of Massachusetts with a principal place of business at 10 North Front Street, New Bedford, Massachusetts.

2. Defendant in Counterclaim, **Daniel Bubb**, is the principal and President of Danny's Fishco, Inc.

3. Defendant in Counterclaim, **Daniel Bubb**, is an individual resident of the State of New York having voluntarily submitted himself to the jurisdiction of this Court.

4. **Seafood Services, Inc.** (hereinafter referred to as **Seafood Services**) and the Defendant had an ongoing business relationship whereby Defendant would supply fish to **Seafood Services** at a price established by market conditions prevalent at that time.

5. Defendant was to be paid after the fish was sold.

6. Defendant requested advances from **Seafood Services** on fish not yet delivered to **Seafood Services**.

7. In good faith and upon anticipation of future product being received, **Seafood Services** made numerous advances to the Defendant; the sum of such advances totaling **$100,552.25**.

8. On or about April 2, 2001, Defendant informed **Seafood Services** that it would no longer supply product to **Seafood Services**.

9. **Seafood Services** attempted to collect the advances it had given to Defendant for which Defendant failed, neglected or refused to repay in cash or in adequate fish product.

10. Defendant failed, neglected or refused to return the unearned advances.

11. Defendant personally accepted funds and transacted business in his individual capacity.

12. Defendant has transacted commerce in the Commonwealth of Massachusetts.

### Count One – Account Annexed

13. Plaintiff in Counterclaim realleges and restates the allegations contained in Paragraphs 1 through 12 of this Counterclaim and incorporates the same by reference as if fully set forth herein.

**14.** The Defendant owes **Seafood Services** the sum of **$100,552.25** based upon the account annexed, plus simple interest of **$54,298.22**, which is attached hereto and incorporated by reference herein as Exhibit "A".

**15.** The Defendant has failed, neglected or refused to pay **Seafood Services** the amount shown on the account annexed, to wit the sum of **$100,552.25**.

**Wherefore**, **Seafood Services** demands judgment against the Defendant in the sum of **$100,552.25**, together with interest of **$54,298.22**, costs, and attorneys' fees incurred in connection with prosecution of this action and such other award as this Court deems just and appropriate.

### Count Two – Breach of Contract

**16.** Plaintiff in Counterclaim realleges and restates the allegations contained in Paragraphs 1 through 15 of this Counterclaim and incorporates the same by reference as if fully set forth herein.

**17.** **Seafood Services** and the Defendant entered into a contract for the repayment of monies advanced by **Seafood Services** for future supply of fish and fish products.

**18.** The Defendant breached his agreement to repay **Seafood Services** by either failing, neglecting or refusing to supply the appropriate poundage of fish required to repay **Seafood Services** or to repay **Seafood Services** in United States currency, the full amounts advanced which had been unearned.

**Wherefore**, **Seafood Services** demands judgment against the Defendant in the sum of **$100,552.25**, together with interest of **$54,298.22**, costs, and attorneys' fees incurred in connection with prosecution of this action and such other award as this Court deems just and appropriate.

### Count Three – Conversion

**19.** Plaintiff in Counterclaim realleges and restates the allegations contained in Paragraphs 1 through 15 of this Counterclaim and incorporates the same by reference as if fully set forth herein.

**20.** The Defendant requested and accepted advances of **$100,552.25** from **Seafood Services** with full knowledge that **Seafood Services** expected the same to be repaid through delivery of salable fish product.

**21.** The Defendant failed, neglected or refused to deliver the fish product required to repay the advances and further failed, neglected or refused to repay the advances.

22. The Defendant has retained **$100,552.25** of **Seafood Services'** money which he has not earned.

23. The Defendant's retainage of **Seafood Services' $100,552.25** is a wrongful conversion of assets belonging to **Seafood Services**.

**Wherefore**, **Seafood Services** demands judgment against the Defendant in the sum of **$100,552.25**, together with interest of **$54,298.22**, costs, and attorneys' fees incurred in connection with prosecution of this action and such other award as this Court deems just and appropriate.

### Count Four – Deficiency Due Under Promissory Note

24. Plaintiff in Counterclaim realleges and restates the allegations contained in Paragraphs 1 through 15 of this Counterclaim and incorporates the same by reference as if fully set forth herein.

25. On or about June 24, 1999, **Daniel A. Bubb** signed a Promissory Note running in favor of note holder, David B. Horton, in the principal amount of **$50,000.**

26. The Promissory Note from **Daniel A. Bubb** to **David B. Horton** was secured by a mortgage on **Daniel A. Bubb's** residence styled 41 Clinton Avenue, St. James, State of New York.

27. To date, **Daniel A. Bubb** has failed, neglected or refused to make payment under the terms of the aforesaid Promissory Note.

28. Despite demand for repayment of the aforesaid Promissory Note, the Defendant, **Daniel A Bubb**, has failed, neglected or refused to pay the same.

**Wherefore**, Plaintiff prays that this Court enter Judgment in his favor, and order the Defendant to pay Plaintiff the sum of **$50,000**, together with interest, costs and legal fees incurred in connection with the collection of the, and such other award as this Court deems just and appropriate.

### Count Five - Massachusetts General Laws, Chapter 93A

29. Plaintiff in Counterclaim realleges and restates the allegations contained in Paragraphs 1 through 15 of this Counterclaim and incorporates the same by reference as if fully set forth herein.

30. The Defendant in Counterclaim's retainage of **$100,552.25** of **Seafood Services'** money and **$50,000.00** of **David Horton's** money is a violation of Massachusetts General Laws, Chapter 93A.

**Wherefore, Seafood Services** demands judgment against the Defendant in the sum of **$100,552.25**, trebled, together with interest of **$54,298.22**, costs and attorneys' fees incurred in connection with prosecution of this action and such other award as this Court deems just and appropriate; and **David Horton** demands judgment against the Defendant in the sum of **$50,000.00**, trebled, together with interest, costs and attorneys' fees incurred in connection with prosecution of this action and such other award as this Court deems just and appropriate.

David B. Horton and
Seafood Services, Inc. d/b/a
MacLean's Seafood,
by their attorney,

_____
Michael A. Kehoe, Esquire
Prescott, Bullard & McLeod
558 Pleasant Street
New Bedford, MA  02740
(508) 999-1351
BBO #264240

DATED: February 24, 2004

COMMONWEALTH OF MASSACHUSETTS

I, **Michael A. Kehoe**, attorney for **David B. Horton** and **Seafood Services, Inc. d/b/a MacLean's Seafood**, hereby state that I served the Defendants' Answer and Counterclaim, on the Plaintiff/Defendant in Counterclaim, **Daniel Bubb**, by mailing, first class mail, a copy of said Answer and Counterclaim to Stephen M. Ouellette, Esquire, and David S. Smith, Esquire, attorneys for Daniel Bubb, at Cianciulli and Ouellette, 163 Cabot Street, Beverly, Massachusetts 01915, on this the 24 day of February, 2004.

_____
Michael A. Kehoe, Esquire